**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

EMILY BAUMAN,

    Plaintiff,

v.

R&M SERVICE SOLUTIONS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EMILY BAUMAN ("Plaintiff" or "BAUMAN"), through her undersigned counsel, files the following Complaint and Demand for Jury Trial against Defendant, R&M SERVICE SOLUTIONS, LLC ("Defendant" or "R&M"), and alleges as follows:

**INTRODUCTION**

1. This is an action arising under Title VII of the 1964 Civil Rights Act ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act of 1992, *Fla. Stat. §§ 760.01-760.11* ("FCRA").

**PARTIES, JURISDICTION, & VENUE**

2. Plaintiff is a female and resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris*. She was employed by the Defendant from July 22, 2019 until the involuntary termination of her employment on March 9, 2020, and was pregnant at all times relevant to her discrimination claims.

3. Defendant is a Florida limited liability company that provides underground utility services in Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Defendant

operates its principal location at 7256 Westport Place, Suite A, West Palm Beach, Florida, 33413, rendering venue proper in this judicial district pursuant to *28 U.S.C. § 1391(b)(1).*

4. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, rendering venue proper in this judicial district pursuant to *28 U.S.C. § 1391(b)(2).*

5. Jurisdiction is proper pursuant to *28 U.S.C. §§ 1331* and *1367*, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act of 1992, *Fla. Stat. §§ 760.01-760.11* ("FCRA").

6. At all times material hereto, Defendant was a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, the PDA and the FCRA.

7. Plaintiff has complied with all conditions precedent prior to the filing of this suit, as follows:

    a. On June 12, 2020, Plaintiff dual-filed a timely complaint with the Florida Commission on Human Relations ("FCHR"), alleging the violations below.

    b. On December 11, 2020, having exceeded its statutory 180 days to investigate the complaint, the FCHR issued Plaintiff her Notice of Rights form, granting Plaintiff the authority to bring this civil action against the Defendant.

## GENERAL ALLEGATIONS

8. Defendant hired Plaintiff as a full-time office manager on July 22, 2019.

9. Throughout the course of her employment and up to the time of her termination, Plaintiff was consistently a hard-working employee who performed her duties with no significant history of performance, attendance, or disciplinary issues.

10. On or about February 18, 2020, Plaintiff informed Defendant of her pregnancy.

11. Plaintiff noted the fact that her due date was not for another six (6) months, so that the Defendant would have plenty of time to prepare for her absence. Furthermore, Plaintiff manifested her intent to continue working up until two (2) weeks before her due date.

12. On or about March 3, 2020, Plaintiff began experiencing severe, unexpected illness as a result of her pregnancy.

13. After informing her supervisors of her condition, Plaintiff immediately sought medical care.

14. Plaintiff's condition required her to seek further testing, and she ultimately was given a doctor's note and recommendation not to return to work until March 9, 2020.

15. On March 3, 2020, March 4, 2020 and March 5, 2020, Plaintiff continued to notify her supervisors of her situation, but did not receive a reply until March 5, 2020.

16. On March 5, 2020, Defendant informed Plaintiff via email that due to Plaintiffs "circumstances," the company was demoting her to a part-time position "based on mutually agreeable hours."

17. On March 9, 2020, when Plaintiff returned to work, Defendant informed her that it had already hired a male to take Plaintiffs position, and that he would be starting on March 16, 2020.

18. Defendant further advised Plaintiff that she was to train the new male employee to learn her position, and after training him, Defendant would decide what to do with Plaintiff in the demoted part-time position.

19. Defendant told Plaintiff she would not be keeping any of her same tasks, responsibilities, or duties as her previous position.

20. Defendant told Plaintiff that Plaintiff she was a "liability."

21. Defendant gave Plaintiff the option to either accept the demotion or be fired.

22. Since Plaintiff declined to take the demotion, Defendant terminated Plaintiff's employment.

23. Indeed, Defendant terminated Plaintiff's employment less than three (3) weeks after it discovered her pregnancy.

24. Any non-discriminatory reasons given for Plaintiff's termination were/are a pretext for Defendant's discrimination against Plaintiff because of her sex and pregnancy.

25. As a result of the above violations of law, Plaintiff has had to retain the undersigned counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorney's fees and costs under Title VII and/or the FCRA.

## COUNT I – VIOLATION OF TITLE VII - PREGNANCY DISCRIMINATION

26. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 25 above as though fully set forth herein.

27. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of Title VII, as amended by the PDA.

28. Plaintiff suffered and continues to suffer damages as a result of Defendant's discriminatory conduct, including past and future lost wages and benefits, damage to career, loss of career opportunity, emotional distress, anxiety, humiliation, damage to reputation, and other consequential damages.

29. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate or reckless indifference, and/or with malice toward Plaintiff's statutory rights, justifying an award of punitive damages.

30. As a result of bringing these claims against Defendant, Plaintiff has agreed to pay her counsel reasonable attorney's fees and is therefore entitled to recover these attorney's fees from Defendant.

WHEREFORE, Plaintiff, EMILY BAUMAN, respectfully requests that this Honorable Court enter judgment in her favor, and award Plaintiff: (a) front and back pay; (b) compensatory damages; (c) punitive damages; (d) reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

**COUNT II - VIOLATION OF THE FCRA - PREGNANCY DISCRIMINATION**

31. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 25 above as though fully set forth herein.

32. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of the FCRA.

33. Plaintiff suffered and continues to suffer damages as a result of Defendant's discriminatory conduct, including past and future lost wages and benefits, damage to career, loss of career opportunity, emotional distress, anxiety, humiliation, damage to reputation, and other consequential damages.

34. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate or reckless indifference, and/or with malice toward Plaintiff's statutory rights, justifying an award of punitive damages.

35. As a result of bringing these claims against Defendant, Plaintiff has agreed to pay her counsel reasonable attorney's fees, and is therefore entitled to recover these attorney's fees from Defendant.

WHEREFORE, Plaintiff, EMILY BAUMAN, respectfully requests that this Honorable Court enter judgment in her favor, and award Plaintiff: (a) front and back pay; (b) compensatory damages; (c) punitive damages; (d) reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, EMILY BAUMAN, hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated this 14th of January 2021.**

    Respectfully Submitted,

    **USA EMPLOYMENT LAWYERS -**
    **JORDAN RICHARDS, PLLC**
    805 E. Broward Blvd. Suite 301
    Fort Lauderdale, Florida 33301
    (954) 871-0050
    *Counsel for Plaintiff, Emily Bauman*

    By: */s/ Jordan Richards*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372
    MELISSA SCOTT, ESQUIRE
    Florida Bar No. 1010123
    *jordan@jordanrichardspllc.com*
    *melissa@jordanrichardspllc.com*
    *jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF on January 14, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**